IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAWN TITUS,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>SCOTT FRAKES,<br><br>　　　　　　Respondent. | 8:20CV503<br><br><br>MEMORANDUM AND ORDER |

　　　This matter is before the court on Petitioner Shawn Titus' Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss the petition without prejudice.

　　　Petitioner alleges he pleaded no contest to one count of attempted first degree sexual assault and was sentenced to 15 to 20 years' imprisonment on November 5, 2018, in the District Court of Sarpy County, Nebraska, Case No. CR18-32. (Filing 1 at CM/ECF p. 1.) Petitioner prosecuted an appeal of his conviction and sentence to the Nebraska Court of Appeals which affirmed the judgment on August 6, 2019. Petitioner did not file a petition for further review. (*Id*. at CM/ECF p. 2.) Petitioner then filed a motion for postconviction relief in the Sarpy County District Court on September 27, 2019, which is currently pending. (*Id*. at CM/ECF p. 3) Petitioner's state case records, available to this court online,[1] show that Petitioner's postconviction motion is set for an evidentiary hearing on

---

[1] This court has been afforded access to the computerized record keeping system (JUSTICE) for the Nebraska state courts. I take judicial notice of the state court records related to this case in *State v. Titus*, No. CR18-32, District Court of Sarpy County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

March 15, 2021. Petitioner filed his habeas petition in this court on December 9, 2020, claiming violations of his rights to effective assistance of counsel, due process, and free speech.

As set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (i) there is an absence of available State corrective process; or

            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. *Id*. at 844. In Nebraska, "one complete

round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

To be clear, exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Here, the petition's allegations and Petitioner's state court records clearly establish that he did not exhaust his available state court remedies *before* filing his habeas case in this forum. Consequently, Petitioner's petition for relief under 28 U.S.C. § 2254 is subject to sua sponte dismissal by this court. *Rose*, 455 U.S. at 520; *Akins*, 410 F.3d at 455.

Petitioner acknowledges that he has not exhausted his available state remedies in a motion he filed asking the court to stay these habeas proceedings "pending exhaustion of state remedy." (Filing 8 (capitalization omitted).) In his motion to stay, Petitioner indicates he sought the federal court's "intervention [in] his state court proceedings due to excessive delay and other reasons." (*Id*.) However, Petitioner does not allege that his habeas petition is a "mixed" petition. "The failure to do so categorically rules out relief under *Rhines* [*v. Weber*, 544 U.S. 269, 276 (2005)] since *Rhines* only involves cases with mixed petitions." *McLemore v. Frakes*, No. 8:18CV567, 2019 WL 2358433, at *3 n.2 (D. Neb. June 4, 2019) (citing *Charles v. Payne*, No. 4:17 CV 2494 CDP, 2018 WL 3208551, at *2 (E.D. Mo. June 29, 2018)). "A 'mixed petition' is one where at least one claim

is exhausted but another is unexhausted." *Id*. Upon careful review, I can discern no exhausted claims alleged in the petition.

Even if the court could exercise discretion to stay these proceedings pursuant to *Rhines*, I conclude a stay would not be appropriate in this case as Petitioner's access to federal habeas review will not be prejudiced if this case is dismissed. By my calculation, Petitioner filed his motion for postconviction relief a mere 22 days after his conviction became final on September 5, 2019, the date on which Petitioner's time for pursuing review in the Nebraska Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking such review expires); Neb. Ct. R. App. P. § 2-102(F)(1) (stating that a petition for further review and memorandum brief in support must be filed within 30 days after the release of the opinion of the Court of Appeals). Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1) is tolled "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Thus, the one-year statute of limitations has not expired and is presently being tolled while Petitioner pursues his state postconviction motion. Thus, dismissing this federal petition for habeas relief will not prejudice Petitioner's ability, upon exhaustion of his available state remedy, to file a timely petition for federal habeas review as appropriate.

Based on the foregoing, Petitioner's habeas petition must be dismissed without prejudice for failure to exhaust available state postconviction remedies. I also will deny Petitioner's pending motion for bail (filing 7) and motion for stay (filing 8) as moot.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The

standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. Petitioner's pending motions (filings 7 & 8) are denied as moot.

3. A judgment will be entered by separate document.

Dated this 25th day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge